PERRY & SHAPIRO, L.L.P.
3300 N. Central Avenue, #2200
Phoenix, Arizona 85012
(602) 222-5711
(602) 222-5701 Facsimile
(847) 627-8802 Facsimile
AZNotices@logs.com, e-mail
Christopher R. Perry, Bar #009801
Jason P. Sherman, Bar #019999
Attorneys for JPMorgan Chase Bank
[FILE 10-002072 CHE]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DONALD W. LILE,<br><br>    Debtor. | Case # 0:09-bk-32858-EWH<br><br>Chapter 7 Proceedings |
| JPMORGAN CHASE BANK, its assigns and / or successors-in-interest,<br>    Movant,<br>v.<br>DONALD W. LILE, William E. Pierce, Trustee,<br>    Respondents. | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Re: Real Property located at 1572 Mandarin Drive Lake Havasu City, AZ 86404 |

JPMorgan Chase Bank, ("JP MORGAN"), through undersigned counsel, moves this Court for an Order granting relief from the automatic stay of 11 U.S.C. § 362 and any other limitations against lien enforcement against the property, rents, issues, and profits of Donald W. Lile, ("Debtor"); or, in the alternative, conditioning the use, sale, or lease of such property, rents, issues, or profits as is necessary to provide JP MORGAN with adequate protection of its secured interest in

certain real property. This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Statement of Facts:

1. JP MORGAN is the holder or servicer of a promissory note, ("JP MORGAN Note"), made, executed, and delivered by Donald Lile, Unmarried Sally Thurman, Unmarried, on or about May 11, 2007 in the original sum of $360,000.00. The JP MORGAN Note is secured by a Deed of Trust dated May 11, 2007, recorded as a lien in first position at Mohave County Recorder's Number 2007055427 against certain real property, ("the Property"), generally described as 1572 Mandarin Drive, Lake Havasu City, AZ 86404 and legally described as:

> THE LAND REFERRED TO IN THIS POLICY IS SITUATED IN THE STATE OF AZ, COUNTY OF MOHAVE, CITY OF LAKE HAVASU CITY AND DESCRIBED AS FOLLOWS:
> LOT 20, BLOCK 17, TRACT 2278, LAKE HAVASU CITY, ARIZONA, ACCORDING TO THE PLAT THEREOF RECORDED MAY 15, 1972, AS FEE NUMBER 72-9520 IN THE OFFICE OF THE RECORDER OF MOHAVE COUNTY, ARIZONA
> EXCEPT ALL OIL, GAS, OTHER HYDROCARBON SUBSTANCES, HELIUM, OR OTHER SUBSTANCES OF A GASEOUS NATURE, COAL METALS, FOSSILS, FERTILIZER OF EVERY NAME AND DESCRIPTION, TOGETHER WITH ALL URANIUM, THORIUM OR ANY OTHER MATERIAL WHICH IS OR MAY BE DETERMINED BY THE LAWS OF THE UNITED STATES, OR OF THIS STATE, OR DECISIONS OF COURT, TO BE PECULIARLY ESSENTIAL TO THE PRODUCTION OF FISSIONABLE MATERIALS WHETHER OR NOT OF COMMERCIAL VALUE AND THE EXCLUSIVE RIGHT THERETO, ON IN OR UNDER THE ABOVE DESCRIBED LANDS, SHALL BE AND REMAIN AND ARE HEREBY RESERVED IN AND RETAINED BY THE STATE OF ARIZONA.

True and correct copies of the JP MORGAN Note and Deed of Trust held by JP MORGAN are attached hereto as Exhibits 'A', and 'B'. Upon information and belief the property was transferred to the Debtor.

2. The Debtor filed a Chapter 7 Bankruptcy petition on December 21, 2009.

3. The regular monthly payments on the JP MORGAN Note falling due since May, 2009 have not been paid.

4. The total outstanding debt owed on the JP MORGAN Note is now approximately $373,150.73.

5. In accordance with the terms of the JP MORGAN Note and Deed of Trust, the JP MORGAN Note is in default and, accordingly, the entire unpaid principal balance together with interest, late charges, and attorney's fees and costs may be declared due.

6. In connection with the above-described default, JP MORGAN has incurred attorney's fees and costs to protect its secured interest.

7. Upon information and belief, there is no equity in the Property because the liens exceed the fair market value thereof.

8. Upon information and belief, the Property is not necessary for an effective reorganization.

9. The secured interest of JP MORGAN in the Property has not been adequately protected, nor has JP MORGAN been offered adequate protection by the Debtor.

**Discussion:**

Bankruptcy Code § 362(d) provides for relief from the automatic stay upon the request of a party in interest on either of two grounds: (1) for cause, including lack of adequate protection of an interest in the property; or (2) the debtor has no equity in the property and the property is not necessary for an effective reorganization of the debtor.

The party seeking relief from the stay has the burden of proof only on the issue of the debtor's equity in the collateral; any party opposing the requested relief has the burden of proof on all other issues. 11 U.S.C. § 362(g). Therefore, unless a party opposing relief produces evidence on these issues, JP MORGAN is entitled to relief without presenting any evidence whatsoever. See, In re L.H. & A. Realty Co., Inc., 57 B.R. 265 (Bankr. D. Vt. 1986).

### I. LACK OF EQUITY IN THE PROPERTY

Bankruptcy Code § 362(d)(2) authorizes the court to lift the automatic stay of an act against property where the debtor has no equity in such property and the property is not necessary for an effective reorganization. In re Diplomat Electronics Corp., 82 B.R. 688 (Bankr. S.D.N.Y. 1988).

In determining whether there is equity in the property, all encumbrances on the property, including all costs and fees must be considered. In re McCall, 25 B.R. 199 (Bankr. E.D. Pa. 1982); In re Taylor, 28 B.R. 691 (Bankr. S.D. Ohio 1983); In re Paolino, 68 B.R. 416 (Bankr. E.D. Pa. 1986); In re Rye, 54 B.R. 180 (Bankr. D.S.C. 1985).

   Where the Court is determining the equity in the property, it is immaterial whether all the lienholders join in their request for relief from the stay. In re Nashua Trust Co., 73 B.R. 423 (Bankr. D.N.J. 1987). In addition, the valuation assigned to the subject property must be reduced by an amount sufficient to cover the creditor's estimated cost of liquidating the property. La Jolla Mortgage Fund, 18 B.R. 283 (Bankr. S.D. Cal. 1982).

   In the instant case, JP MORGAN alleges that there is no equity in the Property and no prospect or intent to reorganize. At the final hearing on this Motion, if any, JP MORGAN will produce evidence that there is no equity in the Property. Any party opposing this Motion has the burden of proof on all other issues. 11 U.S.C. § 362(g).

   II. **RELIEF FOR CAUSE - Lack of Adequate Protection**

   Even where the debtor has equity in Property, relief for cause may be granted by the Court pursuant to 11 U.S.C. § 362(d)(1), for cause, including where the Creditor's interest in

the property is not adequately protected. In re Pliss, 34 B.R. 432 (Bankr. D. Or. 1983).

Any party opposing this Motion has the burden of proving a lack of cause, even when the debtor asserts that the equity in the property furnishes the creditor with adequate protection. In re Kim, 71 B.R. 1011 (Bankr. C.D. Cal. 1987) (overruled on other grounds).

The creditor's substantiated allegations that it is entitled to relief for cause are sufficient for granting relief if not refuted by the debtor. In re Marta Group, Inc., 33 B.R. 634 (Bankr. E.D. Pa. 1983). If the debtor fails to meet this burden, the moving party is entitled to relief under § 362(d)(1). In re Kim, supra.

In the instant case, the Debtor has been in default under the terms of the JP MORGAN Note since May, 2009. This default constitutes cause under § 362(d)(1). Additionally, the Debtor has not provided JP MORGAN with adequate protection of its interest in the Property. Failure to provide adequate protection is also cause to lift the automatic stay.

### III. AUTOMATIC TERMINATION OF THE STAY AS A MATTER OF LAW

The automatic stay is terminated as a matter of law 30 days after this Motion is filed with the Court unless the Court, after notice and a hearing, orders the stay continued in effect

pending the outcome of a final hearing on this Motion. 11 U.S.C. § 362(e).

## IV. PRE-FILING CERTIFICATION PURSUANT TO RULE 4001-1(b).

Pursuant to Local Rule 4001-1 (b), the undersigned hereby certifies that counsel for the movant sent a letter to counsel for the Debtor(s), or if unrepresented, directly to the Debtor(s) at least 5 business days before filing the present motion seeking to resolve the issues necessitating the motion, and that counsel for the movant received no response written or otherwise.

## REQUEST FOR RELIEF

For the foregoing reasons, JP MORGAN respectfully requests:

1. That all stays, including but not limited to, any injunction, restraining order, and the automatic stay provided by 11 U.S.C. § 362 be terminated or modified to permit JP MORGAN, the successor Trustee to the Deed of Trust, or such persons as the Court may deem appropriate, to take any and all action necessary and appropriate to enforce JP MORGAN's interest against the Property, including, but not limited to, the right to declare all sums secured by the Deed of Trust to be immediately due and payable; to exercise any assignment of rents; to bring a foreclosure action in any Court of competent jurisdiction; to notice, conduct or continue a judicial

foreclosure or Trustee's Sale; and to apply the proceeds therefrom as authorized by the Deed of Trust and applicable state law;

2. That pending final hearing on the merits hereof, an Order may be entered permitting JP MORGAN to record, mail, post, and publish Notice of Trustee's Sale under the Deed of Trust and state law, except that JP MORGAN shall be directed to postpone the Trustee's Sale from time to time as necessary until this court grants further relief pursuant to 11 U.S.C. § 362(d) or (e), or until the automatic stay expires by operation of law.

In the alternative, that JP MORGAN be awarded adequate protection of its interest in the Property, more specifically that the Debtor be ordered to pay all amounts now in arrears under the Deed of Trust; maintain monthly cash payments to JP MORGAN equal to the regular monthly payment amount for the continued use and occupancy of the Property and to protect the interests of JP MORGAN; and further that JP MORGAN shall be granted immediate relief from the automatic stay for any failure by the Debtor to adequately protect JP MORGAN's interest in the Property or make the required payments;

3. That this Court's Order herein be binding on the Debtor with respect to any subsequent conversion to another chapter or subsequent filing of another bankruptcy petition by

the Debtor which may affect JP MORGAN's interest in the Property; and

    4. For such other and further relief as this Court deems just and equitable.

Respectfully submitted this 30 day of March, 2010.

Perry & Shapiro, L.L.P.

_____
Christopher R. Perry
Jason P. Sherman
Attorney for JPMorgan Chase Bank

Copy of the foregoing was mailed
this 30 day of March, 2010 to:

Chapter 7 Trustee:
William E. Pierce
P. O. Box 429
Chino Valley, AZ 86323-0429

Attorney for Debtor:
Dana R. Stoker
2149 Mcculloch Boulevard North
Lake Havasu City, AZ 86403-6709

Debtor:
Donald W. Lile
1572 Mandarin Drive
Lake Havasu City, AZ 86404

```
 1 | United States Bankruptcy Court
   | 325 W 19th St Suite D
 2 | Yuma, AZ 85364
 3 |
   | By /s/ Anne Mallette
 4 |
```